

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:

Opinion No. O-3612
Re: Is a farm tractor, used
chiefly for other purposes
but sometimes used to haul
a trailer loaded with cot-
ton to the gin, "temporarily
operated or moved on a high-
way" under the exemption of
Sec. 3, par. 2, H. B. 20?

     We are in receipt of your letter of August 14, 1941,
in which you request the opinion of this department on the
question contained therein as follows:

     "From time to time a farm tractor, chiefly
used for other purposes, is used to haul a trail-
er loaded with cotton to the gin. Is the farm
tractor 'temporarily operated or moved on a high-
way' under the exemption of Section 3, paragraph
2, of H. B. No. 20?"

     House Bill 20, Acts of the Forty-seventh Legisla-
ture, 1941, is the new Drivers' License Law. Article 2, Section
3, reads in part as follows:

     "Sec. 3. What persons are exempt from li-
cense.

     "The following persons are exempt from li-
cense hereunder:

     " * * *

     "2. Any person while driving or operating
any road machine, farm tractor, or implement of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

husbandry <u>temporarily operated or moved on a highway</u>, and while driving or operating any commercial motor vehicle temporarily on the highway in an emergency; * * * " (Underlining ours)

We notice that the phrase "temporarily operated or moved on a highway" is not defined in House Bill 20. Therefore, said phrase is to be given its common and ordinary meaning. We believe that in using such phrase the Legislature intended for it to mean the same as it means in the Motor Vehicle Registration Law, Article 6675a. Article 6675a-1q provides as follows:

"(q) By 'operated or moved temporarily upon the highways' is meant the operation or conveying between different farms, and the operation or conveyance from the owner's farm to the place where his farm produce is prepared for market or where same is actually marketed and return."

In your case the farm tractor is operated temporarily on the highway for purpose of hauling a trailer loaded with cotton to the gin. It is our opinion that the definition of the term "operated or moved temporarily on the highways" in Article 6675a-1 would cover such operation as you describe. The Amarillo Court of Civil Appeals in the case of Bean vs. Reeves, 77 S. W. (2d) 737, stated as follows:

"The agreed statement shows the following: The appellant lives upon and operates a farm in Lubbock county and raises cotton, feed, and live stock thereon. He owns a one-ton Ford truck, which he operates from time to time temporarily on the highways of the state in transporting cotton from his farm to the gin, farm products to the city of Lubbock, and material therefrom to and for use on his farm; but the truck is operated and used exclusively in connection with the business of the farm. He did not register the truck or pay any license fee thereon for the year 1934. The appellees are engaged in enforcing the laws pertaining to the operation of motor vehicles on the highways and threaten to arrest and prosecute appellant or his driver of the machine for the violation of the law if he drives the truck upon the highways without paying the registration tax.

"Article 6675a-2, Vernon's Ann. Civ. St. in so far as material to this appeal, provides: 'Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this State, and each chauffeur, shall apply each year to the State Highway Department through the County Tax Collector of the County in which he resides for the registration of each such vehicle owned or controlled by him, or for a chauffeur's license, for the ensuing or current calendar year or unexpired portion thereof; provided, however, that owners of farm tractors, farm trailers, farm-semi-trailers, and implements of husbandry, operated or moved temporarily upon the highways shall not be required to register such farm-tractors, farm-trailers, farm-semi-trailers, or implements of husbandry.'

"The agreed statement of facts shows that appellant's truck was used exclusively in connection with the business of his farm and was moved and operated but temporarily on the highways and under the interpretation of article 6675a-2 by the Supreme Court in Allred v. J. C. Engleman, Inc., 61 S. W. (2d) 75, 91 A. L. R. 417, the truck was an 'implement of husbandry' and exempt from registration fees."

In the above quoted case the court held that the use of a truck for purposes of hauling cotton from a farm to a gin was operating temporarily on the highways of this State within the meaning of the registration statute. It is our opinion that the same rule would be applicable in interpreting the definition of such phrase as used in House Bill 20, the new Drivers' License Law. You are therefore advised that in our opinion the person you inquire about would not be required to obtain a drivers' license in order to operate in the manner you describe.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Billy Goldberg_
Billy Goldberg
Assistant

BG:ej

APPROVED AUG 21 1941

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _La_
CHAIRMAN